UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RICHARD D. MEDINA,

                            Plaintiff,

   -against-                                              9:06-CV-346
                                                             (LEK/GHL)

GEORGE E. PATAKI, Governor,
State of New York
                            Defendant.

**DECISION AND ORDER**

      Plaintiff Richard D. Medina ("Plaintiff") commenced this action in March, 2006 and filed a Complaint pursuant to 42 U.S.C. § 1983 and a Motion for a temporary restraining order and preliminary injunction against Defendant George E. Pataki. See Dkt. Nos. 1 & 4. Defendant opposed Plaintiff's Motion and cross-moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss this action for failure to state a claim. See Motion to Dismiss (Dkt. No. 13). The Honorable George H. Lowe, United States Magistrate Judge, issued a Report-Recommendation on March 26, 2007 pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Report-Rec. (Dkt. No. 20).

      A copy of Judge Lowe's Report-Recommendation was sent to Plaintiff, but returned to the Clerk's Office as undeliverable on April 2, 2007. See Dkt. No. 21. Plaintiff filed a Notice of change of address with the Court on May 7, 2007; however, on May 11, 2007, Judge Lowe ordered that the Notice be stricken from the record due to Plaintiff's failure to indicate that he served his Notice on opposing counsel. See May Order (Dkt. No. 23). Also on May 11, 2007, the Clerk's Office re-sent the Report-Recommendation to Plaintiff at the address he provided on his Notice.

1

See May 16, 2007 Docket Entry.

On May 21, 2007, Plaintiff filed a Notice of voluntary dismissal, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). See Notice of Dismissal (Dkt. No. 24). The following day, Assistant Attorney General Jamie I. Roth ("AAG Roth"), counsel for Defendant, filed an Affirmation in opposition to Plaintiff's Notice of voluntary dismissal. AAG Roth Aff. (Dkt. No. 25).

Rule 41(a)(1)(i) permits a plaintiff to dismiss an action without a court order by filing a notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(i). AAG Roth acknowledges that she has not filed an answer or summary judgment motion, however, she claims that Defendant's Opposition and Cross-Motion squarely addressed the merits of the action. AAG Roth Aff. (Dkt. No. 25) at ¶ 11. In support of this position, AAG Roth cited Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105 (2d Cir. 1953). Moreover, Defendant argues that voluntary dismissal would unduly prejudice him because his Cross-Motion was filed nearly one year ago and Judge Lowe has already recommended dismissal with prejudice of several claims and dismissal of the action in its entirety for failure to comply with the Court's Orders and Local Rules. Id.

In Harvey, the Second Circuit reversed the district court's denial of a motion to vacate the notice of dismissal. Harvey, 203 F.2d 105. The Circuit reasoned that the merits of the controversy had been "squarely raised" after the district court had held an evidentiary hearing lasting several days and generating a record of over 400 pages and that a literal application of Rule 41(a)(1) "would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached." Id. at 107-08. However, the Circuit has since noted that Harvey "has

2

not been well received" and that "subsequent cases have almost uniformly either distinguished Harvey Aluminum, limiting the case to its particular factual setting, or forthrightly rejected it as poorly reasoned." Thorp v. Scarne, 599 F.2d 1169, 1175 (2d Cir. 1979) (collecting cases).

In Thorp, the district court held a hearing on the plaintiff's application for a temporary restraining order, which was denied, and another hearing on the plaintiff's motion for a preliminary injunction, which was also denied; the plaintiff then filed a notice of dismissal, and the defendants moved to have that notice vacated. Id. at 1171. The district court in Thorp vacated the dismissal, and noted that defendants' brief opposing the application for a temporary restraining order would be treated as the equivalent of a motion for summary judgment, which would terminate the plaintiff's right to voluntarily dismiss the action. Id. at 1173. The Circuit held that Rule 41(a)(1) uses precise language that is intended to serve as a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action and that the two hearings in Thorp did not justify abandoning a literal interpretation of the rule. Id. at 1176.

AAG Roth concedes that Defendant has not filed an answer or a summary judgment motion that would automatically prevent Plaintiff from filing a notice of voluntary dismissal. While Defendants have expended considerable effort on this action, that effort does not rise to the level previously found to justify vacating a notice of dismissal, such as in Thorp. Moreover, the courts have held that the mere expenditure of time and money by a defendant cannot prevent a Rule 41(a)(1)(i) dismissal when the conditions set forth in the Rule have been met. See Medina v. New York State Dep't of Corr. Servs., No. 03 Civ. 9249 (RWS), 2004 U.S. Dist. LEXIS 21485, at *8 (S.D.N.Y. Oct. 29, 2004). Additionally, the courts have rarely considered other filings, such as Defendant's Motion to dismiss, to serve as the equivalent of answers or summary judgment motions

that would prevent plaintiffs from voluntarily dismissing their cases; to do so would be to require the courts to intervene frequently, which would no longer make Rule 41(a)(1)(i) dismissals self-executing, as they were intended to be.  See id. at *11.  Plaintiff has met the literal standard for voluntary dismissal under Rule 41(a)(1)(i), and Plaintiff's Notice of voluntary dismissal shall be filed by the Court and this case closed.

Accordingly, it is hereby

**ORDERED**, that Plaintiff's Notice of voluntary dismissal (Dkt. No. 24) is **FILED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED**, that the Report-Recommendation (Dkt. No. 20) is **REJECTED AS MOOT**; and it is further

**ORDERED**, that Plaintiff's Motion for a temporary restraining order and preliminary injunction (Dkt. No. 4) is **DENIED AS MOOT**; and it is further

**ORDERED**, that Defendant's Cross-Motion to dismiss (Dkt. No. 13) is **DENIED AS MOOT**; and it is further

**ORDERED**, that Case No. 9:06-CV-346 (LEK/GHL) is **CLOSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:      May 31, 2007
            Albany, New York

Lawrence E. Kahn
U.S. District Judge